**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America,       ) | CR-05-858-1-PHX-MHM |
|                    )              |  |
| Plaintiff,         ) | **NOTICE TO COUNSEL** |
|                    )              |  |
| vs.                )              |  |
|                    )              |  |
| Miguel Angel Gutierrez-Padilla,  ) |  |
|                    )              |  |
| Defendant.         ) |  |
| _____) |  |

It has come to the Court's attention that due to a technical error, the change of plea proceeding, conducted on November 29, 2005 by and before the undersigned, was not recorded contrary to the belief of the Court, Counsel, Defendant and all other persons present in the courtroom that day. Sentencing is presently scheduled for March 6, 2006 before the assigned District Judge.

Title 28 U.S.C. § 753(b) requires that "all proceedings in criminal cases had in open court" shall be "recorded verbatim by shorthand, mechanical means, electronic sound recording or any other method . . . ."  The requirements of § 753(b) are mandatory. United States v. Piascik, 559 F.2d 545 (9th Cir. 1977).

In view of the technical error which resulted in the inadvertent failure to record the proceedings conducted on November 29, 2005 and sufficient time exists prior to sentencing to ensure an adequate record, the Court will schedule a hearing to create a record supporting the plea taken by the Court on November 29, 2005.  Unless defense counsel can

1  show good cause in writing why the Court should not reschedule and conduct a de novo plea
2  proceeding, counsel may anticipate being contacted by the Court's Judicial Assistant, Vickie
3  Guidas, to reset the change of plea in this matter.
4  DATED this 6th day of December, 2005.

*Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge